.[No. 5459.]
[No. 3129 C. A.]

## WATT v. LEHR.

**Appellate Practice—Finding Based on Conflicting Evidence—Not Disturbed on Appeal.**

A finding based upon conflicting evidence will not be disturbed on appeal.—P. 202.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Action by George Watt against Mrs. Elizabeth Lehr. From a judgment for defendant, plaintiff appeals.                    *Affirmed.*

Mr. W. H. HUNT and Mr. E. I. STIRMAN, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellant, as plaintiff, commenced an action against appellee, as defendant, to recover from her the sum of $100.00 upon an express contract which he alleged had been entered into by her through her husband as her agent. The contract in question, as set out in the complaint, was to the effect that defendant, through her agent, agreed with the plaintiff that if he would secure certain property for her at a sum specified, she would pay him one hundred dollars for his services. An answer was filed, denying the contract. On this issue the finding of the trial court was for the defendant, and plaintiff appeals.

The testimony bearing on this issue and the collateral questions relevant thereto was conflicting, and under the established rule of this court, will not be disturbed on review. We shall, therefore, only refer briefly to the material ultimate fact which the court found in favor of the defendant.

Plaintiff did not rely upon a personal contract with defendant, but upon one made by her husband, as her agent. With respect to this contract, it appears that the question was, whether the agreement alleged to have been made by the husband embraced a promise on the part of the wife to pay the sum sued for, or whether such promise was made by the husband only for himself. This question, as we have stated, was resolved against the plaintiff on conflicting testimony, or, perhaps more accurately speaking, upon testimony of a character from which the trial court was justified in finding that the promise to pay was on behalf of the husband only.

It is urged by counsel for plaintiff that because the defendant purchased the property, she should be held liable because thereby she ratified the contract of her husband. In view of the finding of the court that question is not involved. By purchasing the property defendant did not become liable to pay any sum which her husband promised to pay as his obligation alone, and by such finding it necessarily follows that her husband never assumed to make any promise for her to pay the plaintiff for his services; consequently, there was no contract to ratify.

The judgment of the district court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.